**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-2132**

_____

THARANGA INDIKA WANNIARACHCHI,

        Petitioner,

     v.

WILLIAM P. BARR, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  August 21, 2019              Decided:  August 28, 2019

_____

Before GREGORY, Chief Judge, KING, Circuit Judge, and SHEDD, Senior Circuit Judge.

_____

Petition dismissed in part and denied in part by unpublished per curiam opinion.

_____

Tharanga Indika Wanniarachchi, Petitioner Pro Se.  Anna Juarez, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tharanga Indika Wanniarachchi, a native and citizen of Sri Lanka, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to reconsider and terminate proceedings. We dismiss in part and deny in part the petition for review.

Wanniarachchi has waived review of the reasons the Board provided for denying reconsideration by not challenging those reasons in his informal brief. *See* 4th Cir. Rule 34(b) (requiring court to limit review to issues raised in pro se litigant's informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014)) (stating that the "informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). To the extent that Wanniarachchi seeks review of the Board's decision that his conviction for distributing a controlled substance is a controlled substance offense and an aggravated felony under the Immigration and Nationality Act, the issue is not properly before us because the Board did not rule on this issue when it denied reconsideration. Accordingly, we dismiss in part the petition for review.

Removal proceedings are subject to the requirements of procedural due process. *Rusu v. INS*, 296 F.3d 316, 320 (4th Cir. 2002). To establish a due process violation, Wanniarachchi must demonstrate a procedural defect that rendered the proceedings "fundamentally unfair" and "prejudiced the outcome of the case." *Nardea v. Sessions*, 876 F.3d 675, 681 (4th Cir. 2017). We will find prejudice "only when the rights of an alien have been transgressed in such a way as is likely to impact the results of the proceedings." *Id.* (internal quotation marks omitted). Insofar as Wanniarachchi argues that his removal

to Sri Lanka violated his right to due process, we conclude that the argument is without merit.

Nor has Wanniarachchi established that he was unfairly prejudiced because the notice to appear did not include the time and place for the first removal hearing. We recently rejected the same basic claim in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019). In *Cortez*, we stated that "the failure of the notice to appear filed with the immigration court to include a date and time for [the] removal hearing [] does not implicate the immigration court's adjudicatory authority or jurisdiction." *Id.* at 358 (internal quotation marks omitted). Whether a case is properly docketed with the immigration court under 8 C.F.R. § 1003.14(a) (2019) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b), (c) (2019)—which do not mandate inclusion of the hearing date and time. *Cortez*, 930 F.3d at 362-64. The notice filed with the immigration court in Wanniarachchi's case conformed to that regulatory definition, meaning that his claim fails on the merits. Accordingly, we deny in part the petition for review.

We dismiss in part and deny in part the petition for review. We also deny Wanniarachchi's motion to supplement the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*

3